1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

DAMIEN D. OLIVE,

         Plaintiff,

   v.

JANELLE REYNOSO, et al.,

        Defendants.

_____/

Case No. 1:15-cv-00790 DLB PC

FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983

**I.**    **Screening Requirement and Standard**

Plaintiff Damien D. Olive, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 26, 2015.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

## II.  **Discussion**

### A.  **Plaintiff's Allegations**

Plaintiff was incarcerated at Corcoran Substance Abuse and Treatment Facility ("CSATF") in Corcoran, California, at the time the events giving rise to this action occurred. Plaintiff is currently incarcerated at Kern Valley State Prison. Plaintiff brings this action against the following Defendants: CSATF Associate Warden Janelle Reynoso; CSATF Correctional Captain S. Marsh; CSATF Correctional Lieutenant K. Curtiss; and CSATF Correctional Peace Officer Souza.

Plaintiff alleges as follows. Plaintiff is a transgender homosexual inmate. On or about April 13, 2015, Plaintiff was informed by Defendant Souza that he would not be provided with the opportunity to select a particular inmate that is acceptable to him, but would instead need to accept an inmate housing assignment selected by prison staff. Plaintiff alleges such assignment could be potentially deleterious and incompatible. Defendant Souza advised Plaintiff that his supervisor,

Defendant Curtiss, had directed him not to give Plaintiff a housing assignment with an inmate of Plaintiff's choosing.   Plaintiff complained to Defendant Souza that this was discriminatory. Defendant Souza stated he was just doing what his supervisor told him to do.  Plaintiff alleges that heterosexual inmates are allowed to be housed with whomever they choose upon their request, while Plaintiff, a homosexual, cannot.  Plaintiff claims that Defendant Curtiss stated he had issued this directive because Plaintiff had intentionally accumulated a large number of Rules Violation Reports (CDC-115s) consecutively in an attempt to compel Facility D administration to house him within the Behavior Management Unit with an inmate they believed to be his boyfriend.  But Plaintiff claims the motive was discriminatory.

On or about April 15, 2015, Plaintiff mailed a letter to Defendant Marsh requesting that he investigate the allegations of discrimination.  Plaintiff claims his request was ignored.  On or about April 16, 2015, Plaintiff mailed a letter to Defendant Reynoso advising her of the alleged discriminatory acts.  Plaintiff states he informed Defendant Reynoso in the letter that the conduct of the staff was indicative of deliberate indifference to a tangible risk of harm.  Plaintiff states his letter was ignored.

Plaintiff requests injunctive relief in the form of an order directing Defendants to allow Plaintiff, as a transgender, the ability to choose the inmate with whom he is to be housed.

### B.    Standing

Standing is a threshold issue a court must face before reaching substantive issues and requires a plaintiff to have a "personal stake" in the outcome of the proceedings. Stoianoff v. Montana, 695 F.2d 1214, 1223–1224 (9th Cir.1983).  Standing is present only when (1) a plaintiff suffers an "actual or imminent" injury, (2) there is a "causal connection between the injury and the conduct complained of," and (3) that injury will likely be "redressed by a favorable decision." Lujan v. Defenders of Wildlife, 112 S.Ct. 2130, 2136 (1992); see also Gladstone Realtors v. Village of Bellwood, 441 U.S. 91, 99 (1979); Fernandez v. Brock, 840 F.2d 622, 623 (9th Cir.1988); Johnson v. Stuart, 702 F.2d 193, 195 (9th Cir.1983).  Standing will not be found where speculative inferences are necessary to establish either injury or the connection between the alleged injury and the act challenged. Simon v. Eastern Kentucky Welfare Rights Organization,

1   426 U.S. 26, 45 (1976); <u>see also</u> <u>Johnson v. Weinberger</u>, 851 F.2d 233 (9th Cir. 1988).  A plaintiff

2   does not have standing to complain about the deprivations of the constitutional rights of others.

3   <u>Jackson v. Official Representatives and Employees of Los Angeles Police Dep't</u>, 487 F.2d 885,

4   886 (9th Cir.1973) (per curiam).

5          In this case, Plaintiff does not allege sufficient facts to establish that he has standing.

6   Plaintiff claims that he was informed of a directive issued by Defendant Curtiss that Plaintiff

7   would no longer be allowed to select his cellmate even though heterosexuals are so allowed;

8   however, he does not state that an opportunity to select another inmate presented itself, that he

9   attempted to select an inmate, and that he was denied his request because of his status as a

10  transgendered homosexual.  Plaintiff must allege that he has suffered an actual or imminent injury.

11  Plaintiff cannot obtain redress for a violation which did not injure him.

12         **C.     Mootness**

13         A federal court has no authority to issue opinions upon moot issues.  <u>See</u> <u>County of Los</u>

14  <u>Angeles v. Davis</u>, 440 U.S. 625, 99 S.Ct. 1379 (1979); <u>Aguirre v. S.S. Sohio Intrepid</u>, 801 F.2d

15  1185 (9th Cir. 1986).  When an inmate seeks injunctive or declaratory relief concerning the prison

16  where he is incarcerated, his claims for such relief become moot when he is no longer subjected to

17  those conditions.  <u>See</u> <u>Weinstein v. Bradford</u>, 423 U.S. 147, 148-49, 96 S.Ct. 347 (1975) (finding

18  prisoner's due process claim to be moot once he obtained a full release from prison supervision);

19  <u>Dilley v. Gunn</u>, 64 F.3d 1365, 1368-69 (9th Cir. 1995) (finding prisoner's suit for library access to

20  be moot upon his transfer to another prison); <u>Chronicle Publishing Co. v. Rison</u>, 962 F.2d 959,

21  960 (9th Cir. 1992) (finding a prisoner's suit challenging prison's publication regulations to be

22  moot upon prisoner's release on parole).

23         In this case, Plaintiff's allegations concern a directive made by Defendant Curtiss at

24  CSATF.  Plaintiff has since been transferred to Kern Valley State Prison and there is no indication

25  that he is subject to the same directive of Defendant Curtiss at his current institution.  Therefore,

26  the claims and the requests for injunctive relief are now moot and must be dismissed.

27         **D.     Linkage**

28         Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or

other federal rights by persons acting under color of state law.  <u>Nurre v. Whitehead</u>, 580 F.3d 1087, 1092 (9th Cir 2009); <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir. 2006); <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002).  "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred."  <u>Crowley v. Nevada ex rel. Nevada Sec'y of State</u>, 678 F.3d 730, 734 (9th Cir. 2012) (citing <u>Graham v. Connor</u>, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989)) (internal quotation marks omitted).  To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights.  <u>Lemire v. California Dep't of Corr. and Rehab.</u>, 726 F.3d 1062, 1074-75 (9th Cir. 2013); <u>Starr v. Baca</u>, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

The complaint is devoid of facts supporting a violation of Plaintiff's constitutional rights by Defendants Marsh and Reynoso.  Plaintiff claims he mailed a letter to each of them; however, that is the extent of their alleged involvement.  Plaintiff appears to rely solely on their position as supervisors for liability.  Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on *respondeat superior*, or vicarious liability.  <u>Crowley v. Bannister</u>, 734 F.3d 967, 977 (9th Cir. 2013); <u>accord</u> <u>Lemire v. California Dep't of Corr. and Rehab.</u>, 726 F.3d 1062, 1074-75 (9th Cir. 2013); <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc).  "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."  <u>Crowley</u>, 734 F.3d at 977 (citing <u>Snow</u>, 681 F.3d at 989) (internal quotation marks omitted); <u>accord</u> <u>Lemire</u>, 726 F.3d at 1074-75; <u>Lacey</u>, 693 F.3d at 915-16.  "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation."  <u>Crowley</u>, 734 F.3d at 977 (citing <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).  Here, there are simply no facts supporting Plaintiff's allegation that either Reynoso or Marsh were personally involved in discriminating against him on the basis of his gender status.

1

### III.     Conclusion and Order

2          Plaintiff's complaint fails to state a claim upon which relief may be granted under section

3  1983.  The Court will provide Plaintiff with an opportunity to file an amended complaint.  Akhtar

4  v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir.

5  2000).

6          Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

7  Defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be

8  imposed on supervisory personnel under the theory of mere *respondeat superior*, Iqbal, 556 U.S.

9  at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101

10 (2012).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to

11 relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

12         Finally, an amended complaint supersedes the original complaint, Lacey v. Maricopa

13 County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without

14 reference to the prior or superseded pleading," Local Rule 220.

15         Accordingly, it is HEREBY ORDERED that:

16         1.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim

17 under section 1983;

18         2.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

19         3.      Within thirty (30) days from the date of service of this order, Plaintiff shall file an

20 amended complaint; and

21         4.      If Plaintiff fails to file an amended complaint in compliance with this order, this

22 action will be dismissed, with prejudice, for failure to state a claim.

23

24 IT IS SO ORDERED.

25  Dated:   __April 19, 2016__              _____/s/ Sandra M. Snyder__
                                            UNITED STATES MAGISTRATE JUDGE
26

27

28